IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEERY WAY (USA), INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>NGOC DIEP DUONG, et al.,<br><br>              Defendants. | Case No.: C12-0486 JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTION TO CHANGE VENUE (Dkt. Nos. 7, 8, 9, 10)** |

Plaintiff brings multiple fraud-related claims against Defendants for "presenting seemingly legitimate business opportunities and failing to disclose material facts or explicitly misinforming plaintiff for their own personal, financial gain." (Complaint ¶1.) Defendants are Incom Trading Corporation; its "alter egos" Powell Commodity, Inc. and Powell Trading, Inc.; William Wong and his wife Viola G. Wong; Ngoc Diep Duong and his wife Thu Ha Nong, also known as Vivian Thuyan Nguyen[1]; and 20 Doe Defendants. (Complaint ¶¶1, 5, 11.) Now pending before the Court are motions to change venue and dismiss the complaint for failure to state a claim and lack of jurisdiction filed by Defendants Powell Trading, Inc.,

---

[1] Plaintiff's subsequent pleadings suggest uncertainty as to whether Vivian Thuyan Nguyen is a separate person: "While it is true the Complaint contains an allegation that Vivian Thuvan Nguyen is an alternative name for Thu Ha Nong, both women were separately named as individual defendants in the Complaint and were separately served with process." (Dkt. No. 17 at 12 n.2.) The Court therefore treats these names as identifying two distinct people.

1  Powell Commodity, Inc.,[2] Tha Ha Nong, Vivian Thuyan Nguyen, and Viola G. Wong
2  (hereinafter "Defendants"). (Dkt. Nos. 7, 8, 9, 10.)  After carefully considering the pleadings
3  and evidence submitted by the parties, and having had the benefit of oral argument on May
4  10, 2012, the Court DENIES Defendants' motions to dismiss for lack of jurisdiction and
5  improper venue, GRANTS Defendants' motion to dismiss for failure to state a claim, and
6  DENIES their motion to change venue.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff and Defendants had a business relationship in which Plaintiff "purchased raw building materials for resale either directly from one of defendants' corporate entities or from third parties through agreements brokered by defendants for which defendants received a commission on the transaction." (Complaint ¶16.)  In October of 2010, Plaintiff entered into an agreement to purchase scrap material after Defendants "misrepresented to plaintiff that they owned the legal rights to dismantle and demolish a Six Flags Theme Park located in New Orleans." (Complaint ¶17.)  Also in October of 2010, Plaintiff purchased a riverboat entitled the Mississippi Queen from Defendants that yielded "significantly less than the full tonnage [of reusable materials] anticipated by the contract" between the parties. (Complaint ¶22.)  Finally, in April of 2011, "plaintiff agreed to purchase materials from the dismantling and demolition of certain power plants in Hawaii contingent upon defendants obtaining the right from the Board of Commissioners of the Hawaii Electric Company," which Defendants failed to do. (Complaint ¶¶23, 26.)

Based on these three unsatisfactory transactions, Plaintiff makes eight claims against Defendants and seeks damages and injunctive relief. (Complaint ¶¶27-83.)  Federal jurisdiction arises from Counts 5 and 6 in which Plaintiff alleges Defendants engaged in racketeering and racketeering conspiracy (Complaint ¶¶56-72) in violation of the Racketeer Influenced and Corrupt Organizations ("RICO")Act. See 18 U.S.C. § 1962(c) and (d).  The remaining state-law claims include breach of contract, fraud, intentional interference with a

---

[2] The Court notes that the Powell entities were not among the Defendants who brought the motion to dismiss for failure to state a claim.

2

contract, unfair business practices, and conversion. (Complaint ¶¶27-83.) The Complaint attributes specific acts to Defendants Duong and William Wong, but neither Nong, Nguyen, nor Viola Wong are alleged to have committed any particular act; instead, they are accused via umbrella statements about the actions of "Defendants" in aggregate. (See, e.g., Complaint ¶57.) Defendants Incom Trading Corporation, Duong, and William Wong have yet to appear in this action. (Dkt. No. 17 at 5.)

## DISCUSSION

### A. Jurisdiction

Defendants allege that Plaintiff's RICO claims are without merit and "a federal court must dismiss for lack of jurisdiction if the federal claim that is the basis for jurisdiction is without merit or frivolous." (Dkt. No. 8 at 12.) Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation omitted).

Here, subject matter jurisdiction arises under 28 U.S.C. § 1331 since Plaintiff's RICO claims involve questions of federal law, and the Court can therefore exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim," as urged by Defendants, "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)(quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). Defendants contest the merits of Plaintiff's RICO claims, which they also address in their motion to dismiss for failure to state a claim, and, as detailed below, the Court agrees that the RICO claims should be dismissed with leave to amend; however, the Court disagrees

3

that Plaintiff's claims are so "devoid of merit" that this Court is stripped of subject matter jurisdiction. Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore DENIED.

### B. Venue

#### 1. Dismissal under Federal Rule of Civil Procedure 12(b)(3)

Defendants also move to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) because "none of the acts or omission complained of occurred within the district," and "no defendant resides within the Northern District of this Court." (Dkt. No. 10 at 8 ¶¶1,3,6; 9 ¶¶1,3; 10 ¶¶1, 3.) When "a defendant moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of showing that venue is proper." Kremen v. Cohen, 2012 WL 44999 at *5 (N.D. Cal. Jan. 7, 2012.) Plaintiff, headquartered in San Francisco, states that "a substantial part of the events [alleged in the Complaint] occurred in San Francisco." (Dkt. No. 17-1 ¶¶2-5.) In particular, Plaintiff signed contracts in San Francisco, and Defendants or their representatives "attended [meetings in San Francisco] in person" to pick up money or sign documents associated with the contested transactions. (Dkt. No. 17-2 ¶¶2-4.)

Under 28 U.S.C. § 1391, venue is proper 1) in a "district in which any defendant resides," when all defendants reside in the same state; 2) in a "district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated;" or 3) in a "district in which any defendant is subject to the court's personal jurisdiction" if no district otherwise exists in which the action can be brought. For RICO claims, venue is proper in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. §1965(a). These additional provisions "supplement, rather than preempt, general venue statutes." Go-Video, Inc. v. Akai Elec. Co., 885 F.2d 1406, 1409 (9th Cir. 1989). "Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court." Richmond Technologies, Inc. v. Aumtech Business Solutions, 2011 WL 2607158 at *8 (N.D. Cal. July 1, 2011).

4

Since Defendants do not reside in this District, venue is only proper if a "substantial part" of the actions comprising Plaintiff's claim occurred in this District or, under the supplemental RICO provisions, if Defendants transact their affairs here. Defendants allege venue is not proper because a "substantial part" of the events underlying this action, such as the drafting of the contracts, took place in the Central District of California; however, "venue may be proper in multiple districts if a 'substantial part' of the underlying events took place in each of those districts." Richmond Technologies, 2011 WL 2607158 at *10. Even if Defendants are correct, "Plaintiff need not show that the Northern District of California has the *most* substantial relationship to the dispute or that it is the 'best' venue." Id. (internal citation omitted). Given that at least two of the contracts at issue in this action were signed in San Francisco and some payments to Defendants issued from San Francisco, venue in the Northern District of California is proper. Defendants' motion to dismiss pursuant to 12(b)(3) is DENIED.

2. Change of Venue Under 28 U.S.C. § 1404(a)

In the alternative, Defendants move for a change of venue to the Central District of California, where they reside. 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Venue transfer is evaluated based on "case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)(quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); see also Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)(a "plaintiff's choice of forum should rarely be disturbed" except in cases where "the balance of factors is strongly in favor of the defendants"). The Court must "weigh the plaintiff's choice of forum" and consider at least three factors: "1) convenience of the parties; 2) convenience of witnesses; and 3) in the interest of justice." Gresser v. Wells Fargo Bank, 2012 WL 1094338 at *2 (N.D. Cal. Mar. 29, 2012).

1   Defendants have not established that transfer is warranted.  The Northern District,
2  where Plaintiff is located, is more convenient for Plaintiff, and the Central District, where
3  Defendants are located, is more convenient for Defendants.  Witnesses for both sides reside in
4  both districts.  Other than this basic convenience factor, Defendants do not allege facts to
5  show that "the interest of justice" requires a forum transfer.  Also, given that both districts are
6  in California, the degree of this inconvenience is minimal.  In light of the respect afforded to a
7  plaintiff's chosen forum, especially where, as here, the forum has a substantial relationship to
8  the dispute and does not significantly prejudice Defendants, the Court declines to exercise its
9  discretion to transfer this case to the Central District.  Defendants motion to transfer venue
10 pursuant to 28 U.S.C. § 1404(a) is therefore DENIED.

**C. Motion to Dismiss**

Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(6), and 12(e).  They contend that the complaint does not cite specific action on the part of Defendants Nong, Nguyen, or Viola Wong and does not meet the requirements of Rule 9(b) in addition to other failings. Id.  Since federal jurisdiction arises under Plaintiff's RICO claims, the Court will evaluate their sufficiency as a threshold matter.

1. Legal Standards for Federal Rules of Civil Procedure 8(a), 12(b)(6) and 12(e)

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim, all "material allegations" are accepted as true and construed "in the light most favorable" to the Plaintiff.  NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  A complaint should be dismissed under 12(b)(6) if it does not provide Defendant with "fair notice of a legally cognizable claim and the grounds on which it rests." Westfall v. City of Crescent City, 2011 WL 4024663 at *3 (N.D. Cal. Sep. 9, 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint must also satisfy Federal Rule of Civil Procedure 8(a), which requires Plaintiff to provide "a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving

6

rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  This standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."  These motions are "disfavored and rarely granted" unless "the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." U.S. v. Ragan, 2011 WL 2940354 at *2 (C.D. Cal July 21, 2011).  In other words, the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotation marks and citation omitted).

2. Legal Standards for RICO Claims and Federal Rule of Civil Procedure 9(b)

To succeed on the civil RICO claim under §1962(c), Plaintiff must establish the following elements: "1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity (known as 'predicate acts'), 5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).  "The 'enterprise' is the actor, and the 'pattern of racketeering activity' is an activity in which that actor engages." Odom v. Microsoft Corp., 486 F.3d 541, 549 (9th Cir. 2007).  The "pattern" must include "'at least two acts of racketeering activity,'" defined as "'any act indictable under several provisions of Title

1  18 of the United States code.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir.
2  2010)(quoting 18 U.S.C. §1961(5) and Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004)).
3  In addition, "a 'pattern' of racketeering activity" requires proof both that the alleged
4  predicates are related and also "that they amount to or pose a threat of continued criminal
5  activity." Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004)(internal citation and quotation
6  marks omitted). To claim that a conspiracy to violate RICO exists pursuant §1962(d),
7  Plaintiff must first successfully establish a violation of RICO. Sanford, 625 F.3d at 559.

8       A plaintiff cannot "rely on mere labels and conclusions" or "allege general acts of
9  wrongdoing without expressly identifying which acts constitute 'predicate acts' for his RICO
10 claim." Pineda v. Saxon Mortgage Services, 2008 WL 5187813 at *4 (C.D. Cal. Dec. 10,
11 2008). Indeed, when pleading the fraudulent conduct giving rise to the RICO claim, Plaintiff
12 must meet the "particularity requirements" of Federal Rule of Civil Procedure 9(b). Moore v.
13 Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989). Rule 9(b) requires a
14 complaint to "identify 'the who, what, when, where, and how of the misconduct charged.'"
15 Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)(quoting Ebeid
16 v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)). A claim may be dismissed for failure to
17 satisfy Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

18      Specific allegations must be levied against each individual defendant. The Ninth
19 Circuit held in Swartz that a pleading does not satisfy Rule 9(b) by "merely lump[ing]
20 multiple defendants together." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). In
21 that case, plaintiff brought claims against multiple defendants over a failed tax shelter,
22 including a RICO claim "predicated on allegations of mail and wire fraud." Id. at 761. The
23 Court dismissed the RICO claim and, in relation to a state law fraud claim, clarified the
24 requirements of Rule (9)(b): each accused defendant must be informed of the specific role she
25 purportedly played in the alleged fraudulent scheme. Id. at 765 (internal citations omitted).
26 Thus, pleadings that rely on "conclusory allegations . . . without any stated factual basis are
27 insufficient as a matter of law." Id.
28

### 3. Discussion

Here, Plaintiff laments the "clever approach" employed by Defendants in "defense of this lawsuit; the two agents of this fraudulent enterprise that had the most direct contact with plaintiff's representatives have allegedly filed for bankruptcy protection." (Dkt. No. 17 at 5.) While the complaint alleges specific conduct by Defendants William Wong and Duong, it lacks any specifics with respect to the moving Defendants. Plaintiff appears to rely solely on Nong, Nguyen, and Viola Wong's status as principal owners and office holders, along with William Wong and Duong, of Incom Trading Corporation. (Complaint ¶¶9, 10.) Affiliation with an entity, absent specific conduct directed toward perpetrating the alleged fraud, is not sufficient to establish culpability. See Walter v. Drayson, 538 F.3d 1244, 1247-48 (9th Cir. 2008)(stating that not just "any involvement would do" to satisfy the conduct requirement of a RICO claim; rather, "an element of direction" is required, and a perpetrator must "have some part in directing" the contested affairs of the enterprise)(quoting Reves v. Ernst & Young, 507 U.S. 170, 179 (1993)); see also id. at 1249 ("[o]ne can be 'part' of an enterprise without having a role in its management and operation'"); Eclectic Properties East, LLC v. Marcus & Millichap Co., 2010 WL 384736 (N.D. Cal. Jan. 29, 2010)(dismissing RICO claims for failing to allege specific facts as to each defendant and failing to allege facts to support alter ego theory).

Plaintiff claims that Defendants are still liable even without individualized allegations because "each defendant was acting as an agent for all other defendants in doing all of the acts alleged in the complaint and did so for a common purpose within the scope of their authorized agency." (Dkt. No. 17 at 12.) This threadbare assertion does not satisfy Rule 12(b)(6) or Rule 9(b). A complaint "shot through with general allegations that the 'defendants' engaged in fraudulent conduct" does not comply with Rule 9(b). Swartz, 476 F.3d at 765. The specific allegations must show that Defendants "participate[d] in the operation or management of the enterprise itself." Reves, 507 U.S. at 186. The current complaint contains no allegations that would meet this standard. The complaint does not allege any facts—as opposed to conclusions—that Nong, Nguyen, or Viola Wong had any knowledge of the activities

9

attributed to Defendants William Wong and Duong, let alone that they were involved in the "operation or management" of the alleged racketeering enterprise. Consequently, the complaint cannot survive a motion to dismiss.

Even if Plaintiff is able to comport with Rule 9(b) in alleging facts specific to Defendants' conduct, Plaintiff must also correct other defects to state a viable RICO claim. For example, Plaintiff's RICO allegations appear to fail to establish that the alleged conduct—three disparate transactions—constitutes a "pattern of racketeering activity." To meet this element, Plaintiff must show that the predicate acts are related and not "isolated or sporadic." Turner, 362 F.3d at 1229. In addition, Plaintiff must also demonstrate open- or closed-ended continuity of this conduct, "referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. (quoting H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 241 (1989)). At the hearing on May 10, 2012, Plaintiff stated a belief that Defendants' business is now defunct—it therefore seems unlikely Defendants pose "a threat of repetition." To establish closed-ended continuity, Plaintiff must prove "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." Id.

## CONCLUSION

Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) is therefore GRANTED with leave to amend. Plaintiff may file an amended complaint on or before June 11, 2012. Since the Court's jurisdiction is predicated on the RICO claims, the Court has not addressed the supplemental state law claims; however, Plaintiff should amend all of its claims to provide the necessary specificity.

**IT IS SO ORDERED.**

Dated: May 14, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE